Edward H. HARNED, Jr.,
Petitioner-Appellant,

v.

Robert J. HENDERSON, Superintendent,
Auburn Correctional Facility,
Respondent-Appellee.

No. 908, Docket 75–2146.

United States Court of Appeals,
Second Circuit.

Argued April 6, 1976.

Decided June 29, 1976.

Jeffrey I. Zuckerman, New York City, for petitioner-appellant.

Ralph L. McMurry, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. for the State of New York, New York City, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before ANDERSON, MULLIGAN and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the Hon. Orrin G. Judd, *Judge*, United States District Court for the Eastern District of New York, entered on October 17, 1975, which dismissed appellant's petition for a writ of habeas corpus. We vacate and remand in light of the Supreme Court's decision in *Henderson v. Morgan*, —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108, 44 U.S.L.W. 4910, 19 Crim.L.Rep. 3133 (1976), aff'g 516 F.2d 897 (2d Cir., 1975). There the Court held that a guilty plea cannot be voluntary (and hence is violative of due process) unless the defendant was informed by court or counsel of the elements of the offense to which he pleads. In the instant case the petitioner pleaded guilty in state court to burglary in the first degree, one element of which is the causation of physical injury. N.Y. Penal Law § 140.30(2). While Judge Judd below determined that petitioner never admitted the commission of actual physical injury,* the record before us does not indicate whether or not Harned was advised of all the elements of burglary in the first degree. Accordingly we will vacate and remand for further consideration in light of *Morgan.*

---

* Such an admission is itself not necessarily required for a valid guilty plea; see *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).